SIGNED.

Dated: January 7, 2013

**James M. Marlar, Chief Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>RUBEN VILLALOBOS and KIM VILLALOBOS,<br><br>Debtors. | Chapter 7<br><br>No. 0:12-bk-18838-JMM<br><br>**MEMORANDUM DECISION** |

### INTRODUCTION

Before the court is the Trustee's motion for disgorgement of excess or unreasonable fees paid to Debtors' attorney (ECF No. 15). This court has the authority to review fees paid to Debtors' counsel pursuant to 11 U.S.C. § 329. After notice and hearing and review of the entire case, this court now rules.

### PROCEDURE

This case presents a "core" proceeding to the court. 28 U.S.C. § 157(b)(2)(A).

### FACTS

The Debtors filed their Chapter 7 petition on August 22, 2012. Their schedules reflected:

- No real property;
- Extensive personal property, valued at $31,421.94;
- Appropriate exemption claims;
- Twenty unsecured creditors totaling $34,188.52;
- Unremarkable statement of affairs (minor and routine); and
- Some additional and detailed sources of income, properly scheduled.

After the § 341 meeting, the Trustee rooted out a preferential payment to one of the Debtors' grandparents, involving a $8,035 payment. Once discovered, the Debtors' attorney then filed an amended statement of affairs, question no. 10, listing it (ECF No. 12).

The Trustee's current motion is addressed to the legal and ethical responsibilities of Debtors' counsel to report, and herself discover and disclose, these same, critical facts. Her job is not to protect the Debtors from the legal consequences of their behavior. Debtors' counsel does not plead that she did not know of this fact at the time the case was being processed by her. She only now asks for the court's understanding and mercy.

## **CONCLUSION**

The Debtors' attorney was wrong in not disclosing this critical fact. Bankruptcy is not a game of "hide the ball," to force others within the system to ferret out critical facts. If a lawyer wishes to play that game, she stands to forfeit her license to practice law, and subjects her clients to fines and prison time for perjury in signing their bankruptcy papers under oath.

Here an appropriate sanction is disgorgement of the entire fee, $2,074. Counsel shall disgorge $2,074 to the Trustee for distribution to creditors. This shall be done within 30 days. Once received, the Trustee shall file a receipt with the court. A final order will be separately entered. Any appeal must be filed within 14 days after its entry on the docket. FED. R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

| | |
|---|---|
| 1 | To be NOTICED by the BNC ("Bankruptcy Noticing Center") to: |
| 2 | |
| 3 | Attorney for Debtors<br>Debtors |
| 4 | Trustee<br>Office of the U.S. Trustee |